UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STEPHEN J. COAXUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-cv-1450-MMM |
| | ) | |
| DIANNA POWERS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, asserts claims for objectively unreasonable medical treatment based on his experiences at the Peoria County Jail.

The case is before the Court for merit review under 28 U.S.C. § 1915A. The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff seeks to sue Healthcare Administrator Supervisor Dianna Powers, X-ray tech John Doe, Nurse Practitioner Carrie, and Doctor Duran.

Plaintiff alleges that he punched his cell wall in anger in August 2022, notified a correctional officer, was taken to see medical staff, was given an ice pack, and was given Ibuprofen. Later the same day John Doe x-ray tech performed an x-ray. The x-ray tech diagnosed a hairline fracture, but Plaintiff alleges his finger was actually "clearly broken." Plaintiff continued to experience pain in his finger for six months. Plaintiff alleges Dianna Powers "did nothing … to get another opinion about my finger, making her at fault as well." Plaintiff alleges Nurse Practitioner Carrie "was in the wrong" because she did nothing further during those six months either. Plaintiff alleges Dr. Duran is liable because she denied Plaintiff medication when he came back from the surgery he eventually received to repair his finger. Plaintiff alleges Defendants "failed to properly do their jobs" and failed to "make correct medical decisions." Plaintiff was taken to see an outside specialist after six months. The specialist had to place a plate and screws to correctly treat Plaintiff's broken finger.

To state a Fourteenth Amendment claim, Plaintiff must plead that he suffered from a serious medical condition, that the defendants acted purposefully, knowingly, or recklessly with respect to the consequences of their actions, and that the defendants' actions were objectively unreasonable – that is, not rationally related to a legitimate governmental objective. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Plaintiff's allegations do not state a claim. Plaintiff's broken finger amounts to a serious medical condition. However, turning to the second inquiry, the objectively unreasonable medical treatment standard is a higher standard than that for medical malpractice. "A showing of negligence or even gross negligence will not suffice."

*McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018). Plaintiff was promptly provided ice, Ibuprofen, and an x-ray. Though the x-ray technician apparently thought Plaintiff's broken finger was not so severely broken as Plaintiff alleges it truly was, this amounts to *possibly* negligence, but not an objectively unreasonable response. The same holds true for the other Defendants. Everyone understood that Plaintiff's finger was broken, and that the break was painful. Though Plaintiff alleges his finger was broken for "the entire six months" before he received surgery, he also alleges his finger had to be re-broken, or sawed in half, and a plate placed, to cause it to heal properly. Plaintiff faults Defendants for not seeking a second opinion sooner, but that decision again appears to be grounds for, at most, a claim of negligence or gross negligence, rather than for a violation of the United States Constitution. *McCann*, 909 F.3d at 886. Finally, as to Dr. Duran's treatment decisions upon Plaintiff's return to the Jail, those decisions are presumptively valid, and Plaintiff's allegations do not raise an inference of anything beyond a valid exercise of Dr. Duran's professional judgment. *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998).

IT IS THEREFORE ORDERED: **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff fails to state a claim arising under the Constitution or Laws of the United States. Plaintiff's Complaint is dismissed without prejudice. Plaintiff is granted leave to amend his Complaint within 30 days if he believes he can state a federal claim consistent with this Order. Failure to amend will result in dismissal of this action without prejudice.**

Entered this 8th day of January, 2024.

*s/Michael M. Mihm*
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
